150 So.2d 729 (1963)
Samuel Lee BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 62-213.
District Court of Appeal of Florida. Third District.
March 12, 1963.
Taylor & Bergstresser, Miami, for appellant
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellant, defendant in the trial court, appeals a judgment and conviction of operating a gambling house contrary to the statutes of this State.
The affidavit which supported the search warrant in this case was issued upon certain assertions made by one R. Brown, pursuant to the provisions of § 933.18, Fla. Stat., F.S.A.[1] By appropriate proceedings, the defendant moved to quash the search warrant and suppress the evidence obtained thereunder, averring that there was in fact no such person and further moved the State Attorney, by an appropriate motion, for a bill of particulars seeking a full disclosure of information relative to the said R. Brown. The several motions were denied by the trial court and the appellant was tried and convicted upon evidence obtained as a result of the aforesaid search warrant.[2]
There is a fundamental principle of judicial process that one accused of a *730 crime is entitled to be confronted by his accuser. See: U.S.Const. Amend. VI; Fla. Const., Declaration of Rights, § 11, F.S.A. The failure of the trial judge to require the State to disclose such information as it had relative to R. Brown, the individual who signed the affidavit upon which the search warrant was issued, vitiated all evidence obtained thereunder. The conviction and sentence will be reversed upon the established principle that illegally obtained evidence by virtue of a defective search warrant may not be used to secure a conviction. See Cooper v. State, 106 Fla. 254, 143 So. 217; Hogan v. Carlton, 112 Fla. 442, 150 So. 604; 13 Fla.Jur., Evidence, § 180. Even though the judge who issued the search warrant may have been justified in issuing the warrant upon the affidavit, at the time it was called to the attention of the trial court [both in the motion to quash and suppress and in the motion for a bill of particulars], an issue was made as to the "credibility" of the affiant who set in motion the search and subsequent criminal proceedings. It was then incumbent upon the trial judge to require the State to reveal such facts as it had relative to the said R. Brown. See: Byers v. State, Fla. App. 1959, 109 So.2d 382. The State urges that it was protected in failing to disclose any information relative to the affiant; that the trial court was well within its discretion in refusing to compel disclosure because it was averred that the said R. Brown was a confidential informant. See: Chacon v. State, Fla. 1957, 102 So.2d 578; Harrington v. State, Fla.App. 1959, 110 So.2d 495; Garcia v. State, Fla.App. 1959, 110 So.2d 709; State v. Hardy, Fla.App. 1959, 114 So.2d 344. It is true that it has been held in this State that the prosecution may not always be required to reveal the name of a confidential informant, but this rule should not be applicable where a so-called alleged "confidential informant" actually executes the affidavit which is the initial instrument which sets in motion what ultimately results in a criminal proceeding. To expand the rule protecting "confidential informant" to protect one who actually executes an affidavit in accordance with § 933.18, Fla. Stat., F.S.A., supra, would do violence to the provisions of the Federal and State Constitutions previously referred to.
Therefore, we hold that the evidence obtained upon the search warrant [issued as a result of an affidavit made by the said R. Brown] should be suppressed upon the motion made by the defendant, he having traversed the allegation that there was in fact such person, and the State having refused to identify or produce the affiant. The record failing to have any evidence other than that obtained by the aforesaid search warrant, it lacks the necessary ingredients to sustain the conviction of the appellant and, therefore, the judgment and sentence is hereby reversed for a new trial.
Reversed and remanded.
NOTES
[1] § 933.18, Fla. Stat., F.S.A. reads in part, as follows:

"No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason or belief is based."
[2] It appears from the record that appropriate objections to the evidence were made at the time of the trial. See: Robertson v. State, 1927, 94 Fla. 770, 114 So. 534.