PIENDRY, Judge.
The city petitions this court for a writ of certiorari directed to the circuit court to quash that court’s ruling which reversed the municipal court conviction of respondent for violation of the gambling laws and ordered a new trial.
Petitioner alleges error on the part of the circuit court in making the following ruling:
“THIS CAUSE having come on before the Court upon Appeal by Appellant, Clifford Jones, from a judgment of conviction in the Municipal Court of the City of Miami, Florida, and the Court having heard argument of counsel and having examined the record on appeal and memoranda submitted, and, it appearing to the Court that Appellant’s Point III on appeal is well taken, and that the Court below erred in denying Defendant’s motion to produce the name of the alleged informer, alleged lottery ticket itself, and date of alleged purchase; see Baker v. State, 150 So.2d 729, (1963) Section 909.15, Florida Statute (1961), and the
Court being fully advised, it is
“CONSIDERED, ORDERED AND ADJUDGED that the judgment of conviction of the Municipal Court of the City of Miami, Florida against the said Appellant-Defendant, CLIFFORD *777 JONES, be and it is hereby reversed and set aside for a new trial herein, with instructions to the Court below to grant defendant’s motions herein above cited.”
Petitioner claims that the trial court correctly denied respondent’s motion to produce the name of the informant. We agree. The circuit court has not proceeded in accordance with an essential requirement of law[1] in requiring the city to produce the name of its informant.[2] Petitioner further claims that the trial court correctly denied respondent’s motion for the production of the alleged lottery ticket and the date of alleged purchase. We do not agree.
The circuit court in making its ruling, relied upon this court’s opinion in Baker v. State, Fla.App.1963, 150 So.2d 729, for the proposition that the prosecution could be required to reveal the name of its informant. In the Baker case, supra, the state was required to identify its informant who had made the affidavit upon which the search warrant was granted, it being charged that a fictitious name had been signed to the affidavit and that there was no one who could be held for perjury in the event it was established that the affidavit was fabricated. This is the distinguishing feature of the Baker case which makes it inapplicable here. The affidavit upon which the search warrant was granted in this case was sworn to by an identified police officer based upon the information of an informer.
The crux of the Baker case was that there was no one exposed to punishment for perjury, whereas here there is such a person. The basic criteria prior to the issuance of a search warrant is “probable cause” to believe that a crime is being or has been committed on the premises to be searched.[3] There must be someone who exposes himself to punishment if he swears to the existence of probable cause. In our situation, there was such a person.[4] Further, so long as there is someone for the court to rely on in granting a search warrant, and the defendant will not suffer as a result, the state is entitled to protect the identity of its informants.[5] There has been no adequate showing on the part of the defendant that he will suffer harm by failure to identify the informant. Evidently, the informant is not even required as a witness.
The circuit court correctly held, however, that the defendant was entitled to examine the lottery ticket purchased by the informant pursuant to § 925.04,[6] Fla.Stat., F.S.A. The lottery ticket purchased by the informant, is clearly a physical thing capable of examination within the meaning of the statute.[7]
The circuit court, therefore, correctly ordered a new trial with instructions to grant defendant’s motion for production of the lottery ticket. Accordingly, the petition for certiorari is granted, and the order of the circuit court instructing the municipal court to grant defendant’s motion for the production by the city of the informant’s name, is quashed.

. Hauser v. Hauser, Fla.1957, 93 So.2d 865.

. Note 5, infra.

. Chapter 933, Fla.Stat., F.S.A.

. “It is well settled that an officer may rely upon information as adequate to support an affidavit for a search warrant, although such information might not be considered admissible at the trial under applicable rules of evidence.” Harrington v. State, Fla.App.1959, 110 So.2d 495, 497.

. Chacon v. State, Fla.1958, 102 So.2d 578; State v. Hardy, Fla.App.1959, 114 So.2d 344; Garda v. State, Fla.App. 1959, 110 So.2d 709.

. The lower court referred to § 909.15 Fla.Stat., F.S.A., but this was evidently a typographical error really referring to § 909.18 which has subsequently been changed by the Legislature to § 925.04.

. Raulerson v. State, Fla.1958, 102 So.2d 281.