RAWLS, Chief Judge.
Treverrow appeals from a judgment of conviction entered upon a jury verdict of guilty of the moonshine offenses of unlawful possession of a container containing mash, unlawful possession of a moonshine still, and unlawful possession of a piece and part of a moonshine still. The two points posed by appellant which give us concern involve the sufficiency of an affidavit as to probable cause for issuance of a search warrant and the failure of the trial court to require the disclosure of the name of the confidential informer.
At the outset, it is noted that a timely motion to suppress the fruits of this search was filed and same was overruled at the beginning of the trial. One L. B. Boyette, Jr., a Beverage Department Officer, executed an affidavit for a search warrant before the County Judge of Columbia County m which the following allegation was set forth:
“On Wednesday, January 6, 1965, a reliable confidential informer told me that about two days prior to this date, he saw two metal drums containing fermented mash inside the above described premises.”
At the beginning of the trial, the County Judge testified that Boyette executed the affidavit in his presence and that no other charges or statements were given as a predicate for the issuance of the search warrant. Thus, it is undisputed that the quoted language in the affidavit was the sole predicate considered by the County Judge for the issuance of the warrant.
Appellant insists that the search warrant was not properly issued since it was based solely upon hearsay evidence, or stated another way, that some circumstances other than information received from a confiden *474 tial informer are necessary to support an affidavit for a search warrant. He also insists that the name of the above mentioned confidential informer would have assisted him in preparing his defense. In this respect, the facts disclose that upon conducting the search pursuant to the mandate of the search warrant, two drums of mash were found in a barn located on the premises described in the search warrant, and the defendant was found in close proximity to same. It is defendant’s theory that he was not in possession of the contraband and if the name of the confidential informer had been revealed to him, he might well have been able to prove that the informer was the one who had possession of the illicit merchandise. We note that other facts produced tend to destroy defendant’s contention in this regard, but find it unecessary to review same in light of the wide discretion vested in the issuing magistrate and the trial judge.
In Chacon v. State,[1] the Florida Supreme Court concluded that the United States Supreme Court’s opinion in the case of Rovi-aro v. United States of America [2] controlled in that it held that a limitation on the privilege from revealing the name of a confidential informer did not extend where disclosure of the informer’s identity would aid the accused in preparing his defense. On rehearing in the Chacon case, in an opinion by Justice Thornal, the Supreme Court reversed its decision in which it had ordered the defendant discharged, holding that the search warrant was legally issued, the search was legally conducted, and that the trial court did not err in not revealing the name of the informer. In Chacon the affiant listened in on an extension while a confidential informer received bets on a telephone. In reviewing this factual situation, the Supreme Court held that “the so-called hearsay rule just isn’t applicable.”
In Harrington v. State,[3] this Court considered the legality of a search made pursuant to a search warrant issued upon an-affidavit executed by the Sheriff of Putnam County. The affidavit in that case recited information received from a confidential' informer and independent information known by the affiant. Upon the facts of that case, this Court, in finding that “[t]he facts recited by the affidavit are sufficient in law and in fact to support the search warrant based thereon,” held that disclosure of the confidential informer’s name may be required “[w]hen such information is material to the issue * * * but when it is-immaterial the courts will not compel its-disclosure.”
In State v. Hardy,[4] this Court was again confronted with the same question. Mrs. Hardy attempted to quash a search warrant upon the ground that the state should furnish her the name of the confidential informer. The trial court on authority of Roviaro v. State, supra, a United States Supreme Court decision, granted a new trial because it had refused to require disclosure of the name of the confidential informer. This Court, in reversing the order, reviewed the Roviaro case and distinguished same from the facts in Hardy by observing that the charge against Mrs. Hardy was one of possession of moonshine and not of sale;that the information recited in the affidavit from the confidential informer concerned sale and, therefore, the informer was not a participant in the transaction charged. Thus, if Hardy was the last word on the subject, the instant cause would follow the rule of the Roviaro case and the distinguishing facts in Hardy, because here the informer’s information goes to the transaction charged. It is also noted that the contents of the affidavit, which are not recited in the opinion, disclose that affiant searched the confidential informer immedi- *475 stely prior to his entering the Hardy premises, furnished him money to use in making the “buy”, kept him under observation at all times except for about five minutes during which time the informer was inside the premises, and upon his return again searched him and found him to have in his possession change from the money the affiant had furnished and Yz pint of moonshine whiskey. So, in Hardy the affiant had independent knowledge beyond the facts given to him by the informer.
The Third District Court of Appeal considered the problem in Baker v. State.[5] There the affidavit for the search warrant was executed by one R. Brown. The defendant alleged in a motion to suppress the evidence seized pursuant to the search warrant issued upon the affidavit that there was no such person as R. Brown and the State refused to produce the affiant. The Third District in an opinion authorized by Judge Barkdull reversed the conviction holding that the rule — the prosecution may not be required to reveal the name of a confidential informer — is not applicable where the “ * * * so-called alleged confidential informer actually executes the affidavit.” The same problem was again reviewed by the Third District in City of Miami v. Jones [6] wherein that court held that the ■crux of the Baker case was that no one was ■exposed to punishment for perjury for the possible execution of a false affidavit, and therefore, the search warrant issued upon ■such an affidavit was invalid. A copy of the affidavit in the Jones case from the Third District reveals that the affiant there ■searched the confidential informer immediately prior to his purchasing the subject lottery tickets and again searched him immediately after the purchase and found the tickets in his possession, which tickets he did not have prior to making the purchase. So, again we find that the affiant ha.d independent information in addition to that furnished by the confidential informer.[7]
To summarize, it appears that in each Florida case, save the Baker case, the prosecution has not been required to disclose the name of the confidential informer; however, in each case the affidavit has contained independent information known to affiant over and beyond that which had been furnished by the informer. Conversely, it appears that if “probable cause” is to be found to exist solely by reason of hearsay, the Florida rule in the name of fair play might well require the prosecution to furnish a defendant the name of a confidential informer. However, it appears that the Florida decisions are based to a great extent upon the holding in Roviaro, so it is necessary to examine the United States Supreme Court decisions rendered on the subject subsequent to Roviaro.
The current landmark case of the United States Supreme Court is Jones v. United States[8] which involved a search for narcotics. Jones was arrested in an apartment by federal narcotics officers who found narcotics paraphernalia in a bird’s nest in an awning just outside the window in the apartment. An officer stationed outside the building had a short time before seen defendant put his hand on the awning. Defendant duly moved to suppress the evidence on the ground that the warrant had been issued without a showing of probable cause. The sole evidence upon which the search warrant was issued was an affidavit signed by one Didone who was a member of the narcotics squad. He swore that on the day before making the affidavit he had *476 been informed by an unnamed person that Jones and another were “involved in the illicit narcotics traffic” and “kept a ready supply of heroin on hand” in the apartment. He also swore that his informer was a reliable person who claimed to have purchased narcotics at the apartment from Jones and another “on many occasions”, the last of which had been the day before the warrant was issued. The Supreme Court held: “We conclude, therefore, that hearsay may be the basis for a warrant” and that the contents of the foregoing affidavit were sufficient to constitute probable cause for the issuance of a warrant in this case. In reviewing the sufficiency of probable cause, the Court stated:
“The question here is whether an affidavit which sets out personal observations relating to the existence of cause to search is to be deemed insufficient by virtue of the fact that it sets out not the affiant’s observations but those of another. An affidavit is not to be deemed insufficient on that score, so long as a substantial basis for crediting the hearsay is presented.
* * * * * *
“We conclude therefore that hearsay may be the basis for a warrant. We cannot say that there was so little basis for accepting the hearsay here that the Commissiffner acted improperly. The Commissioner need not have been convinced of the presence of narcotics in the apartment. He might have found the affidavit insufficient and withheld his warrant. But there was substantial basis for him to conclude that narcotics were probably present in the apartment, and that is sufficient. It is not suggested that the Commissioner doubted Di-done’s word.”
After holding that hearsay may be the basis for a warrant, the Supreme Court, in examining Jones’s contention that the warrant was defective because affiant’s informers were not produced, noted that the objections raised did not allege that the affiant had misrepresented anything to the Commission who issued the warrant; since no such charge was made, it was not necessary that the names of the informers be revealed; and having decided that hearsay alone does not render an affidavit insufficient, the magistrate before whom the affidavit was filed need not have required the informers or their affidavits to be produced so long as there was a substantial basis for crediting the hearsay.
Thus, it appears that the facts in the case sub judice fall squarely within the doctrine of the Jones case, and such is evidenced by the admitted facts. Here affiant swore that a reliable informer had told him that he (the informer) had seen the contraband on the described premises within a short period of time prior to the execution of the affidavit. No attack was made by the defendant upon the creditability of this information. Although the magistrate might have found the affidavit insufficient and withheld his warrant, by a like token there was a sufficient substantial basis for him to conclude that two drums of mash were located on the described premises.
Aguilar v. State of Texas [9] is not applicable. There the affiants alleged in their affidavit that:
“ * * * the petitioner’s residence at 509 Pinckney Street 'is a place where we each have reason to believe and do believe that [Aguilar] * * * has in his possession therein narcotic drugs * * * for the purpose of the unlawful sale thereof, and where such narcotic drugs are unlawfully sold.’ In addition and in support of their belief, the officers included in the affidavit the further allegations that they ‘have received reliable information from a. credible person and do believe that *477 heroin * * * and other narcotics and narcotic paraphernalia are being kept at * * * [petitioner’s] premises for the purpose of sale and use contrary to the provisions of the law.’ ”
The United States Supreme Court, in holding that the evidence procured as a result of a search warrant that was issued upon said affidavit was not admissible, stated that probable cause was absent because the affidavit not only contains no affirmative allegation that the affiant “spoke with personal knowledge of the matters contained therein, it does not even contain an ‘affirmative allegation’ that the affiant’s unidentified source ‘spoke with personal knowledge.’ For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner’s possession. The magistrate here certainly could not ‘judge for himself the persuasiveness of the facts relied on * * to show probable cause.’ He necessarily accepted ‘without question’ the informant’s ‘suspicion,’ ‘belief’ or ‘mere conclusion.’ ” In weighing the facts set forth in the instant cause it is readily seen that same are distinguishable from those that appear in Aguilar for here the unidentified source “spoke with personal knowledge.”
The last United States Supreme Court case that we have found upon the subject is United States v. Ventresca,[10] the contraband there being moonshine. Again the question of probable cause was put into issue on the premise that the contents of the affidavit was predicated on hearsay. The affidavit in Ventresca was quite verbose; however, it is inescapable that the material contents of same were predicated on hearsay. We conclude that the following reasoning of the Supreme Court of the United States in Ventresca is applicable here, viz.:
“This Court is alert to invalidate unconstitutional searches and seizures whether with or without a warrant. See Aguilar v. State of Texas, supra; Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. By doing so, it vindicates individual liberties and strengthens the administration of justice by promoting respect for law and order. This Court is equally concerned to uphold the actions of law enforcement officers consistently following the proper constitutional course. This is no less important to the administration of justice than the invalidation of convictions because of disregard of individual rights or official overreaching. In our view the officers in this case did what the Constitution requires. They obtained a warrant from a judicial officer ‘upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the * * * things to be seized.’ It is vital that having done so their actions should be sustained under a system of justice responsive both to the needs of individual liberty and to the rights of the community.”
As to the remaining points raised by the appellant on this cause, a full review of the record discloses that the same are without merit.
The judgment appealed is affirmed.
STURGIS and JOHNSON, JJ., concur.

. Chacon v. State, 102 So.2d 578 (Fla.1958).

. Roviaro v. United States of America, 353 Ü.S. 53, 77 S.Ct. 623, 627, 1 L.Ed.2d 639.

. Harrington v. State, 110 So.2d 495 (Fla.App.1st, 1959).

. State v. Hardy, 114 So.2d 344 (Fla.App.1st, 1959).

. Baker v. State, 150 So.2d 729 (Fla.App.3d, 1963).

. City of Miami v. Jones, 165 So.2d 775 (Fla.App.3d, 1964).

. An excellent discussion of this issue is found in Volume XVI, University of Florida Law Review, page 180, Trends of Search and Seizure in Florida, authored by Gene 'Williams, Judge, Criminal Court of Record, Dade County.

. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

. Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

. United States v. Ventresca, 380 U.S. 102, 85 S.Ct 741, 13 L.Ed.2d 684.