RAWLS, Judge.
The State Attorney, T. E. Duncan, filed a petition for writ of certiorari seeking review of an order entered by Circuit Judge John J. Crews which required the State to produce for inspection and copying by the defendant a traffic homicide report prepared by the Florida Highway Patrol. The State contends that the subject report is “confidential” and is the work product of the prosecution.
The order sought to be reviewed reads as follows:
“The Court has before it two motions wherein the defendant seeks an Order to compel the State of Florida to produce and permit the inspection and copying by or on his behalf a certain traffic homicide investigation report made by an officer of the Department of Public Safety.
“One motion is pursuant to Rule 1.220(b), Florida Criminal Procedure Rules. The other is made on authority of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.
“The information for manslaughter filed November 25, 1969, charges the defendant in the first count with culpable negligence in the manner he operated a motor vehicle as to run upon and against a certain bridge as to inflict upon his passenger mortal injuries. The second count alleges the same manner of driving and result while intoxicated by use of alcoholic liquor.
“Upon being duly arraigned December 11, 1969, the defendant represented by the Public Defender pleaded not guilty to both counts. Trial was set for the term beginning January 19, 1970.
“The alleged offense took place September 20, 1969. Ten days later one D. M. Shuey, a homicide investigator for the Department of Public Safety, filed with the State Attorney a copy of his report, duly labelling it ‘confidential’.
“The index sheet to a standard report of this nature indicates the thoroughness of such investigations. It includes accident information, physical evidence, surface marks left by vehicle, personal property taken into custody, injury data, driver information, vehicle information, *755 photo data, alcohol influence report, witness list, arrest information, autopsy report, scale diagram, and case summary.
“The defendant contends that he cannot effectively prepare for trial without knowing the contents of the report, since he has no way to secure such vital information by his own effort. He also maintains that he cannot discover important facts by interviewing the investigation officer as the investigator will only talk from memory and hence, the interview already had was unproducT tive and unsatisfactory.
“While this defendant does not have the constitutional right of pretrial discovery, and is not constitutionally entitled to this investigatory report, he is entitled to a fair trial. It is difficult to conceive how a fair trial could ensue with data relating to the accident withheld. If defendant were intoxicated to the extent justifying the charge specified in count two — not to mention the sustaining of a conviction thereon — it could reasonably be inferred that at the time of the offense he wasn’t in any condition to be now of material assistance to his counsel in effectively preparing for trial, especially as to those matters contained in the report. Enlightened criminal jurisprudence will not idly sit by when such circumstances exist. A fair trial must be assured.
“Then, too, our criminal docket demands the expeditious handling of the trial. If Officer Shuey were called to testify and refreshed his memory from what appears to be a voluminous report, it seems clear that the defendant would have the right to examine it. This would cause delay that can now be reasonably anticipated. Why then should the able experienced State Attorney so strenuously object to the motions ? The report is not the work-product of his office, or of police officers cooperating with or under his direction. It is the product of an agency of the State created for a different purpose than general law enforcement and investigatory duties. The orderly administration of justice requires a more positive attitude.
“This Court is committed to jealously guard the right of the accused to due process. One does not have to find his succor from the denial thereof in a Court of another jurisdiction. The Courts of Florida are the peer of any in the meaningful protection, preservation and perpetuation of constitutional rights. Here it is accomplished by assuring a fair trial uninhibited by ignorance of facts in the hands of the State, which cannot be otherwise obtained except by the intervention of the Court.
“This is not to say that a defendant in every criminal case is entitled to an investigatory report; neither is it to imply that every homicide report prepared by the Department of Public Safety is subject to similar motions, or either of them, as those filed herein. The Court merely finds that due to the particular situation involved in the case sub judice that to insure a fair expeditious trial the defendant is entitled under either or both motions to have his request granted.
“The Court having heard argument of Counsel both for the State and Defendant, and being fully advised of its judgment in the premises, it is upon consideration,
“ORDERED AND ADJUDGED,
“That defendant’s motions be, and they are respectively granted in the following particular:
“The Honorable T. E. Duncan, State Attorney, is and he is hereby directed to produce the entire homicide report herein identified and permit its inspection or copying by or on behalf of the Defendant, Thursday, January 8, 1970, at 1:00 P.M. It is further,
*756 “ORDERED,
“That R. A. Green, Jr., Public Defender, or his duly authorized assistant, return said report to said State Attorney on or before January 9, 1970, at 4:00 P.M.”
“The common law writ of certiorari is a discretionary writ, and an appellate court will review an interlocutory order in law only in exceptional cases, such as where there has been a departure from essential requirements of law and it clearly appears that there is no full, adequate, and complete remedy by appeal after final judgment.” State v. Coyle, 181 So.2d 671, 672 (Fla.App.2d 1966).
We are first confronted with the question: Does the trial judge’s order constitute such a substantial departure from the essential requirements of the law that this Court should invoke its extraordinary powers by entertaining the instant petition for writ of certiorari ? We think not. An appellate court will not generally inject itself into the middle of a trial and undertake to direct the trial judge in the conduct of a case. The trial judge did not act upon such a motion as was the subject matter of the opinion in State v. Gillespie, 227 So.2d 550 (Fla.App.2d 1969), wherein the trial judge ordered “a blanket, all-encompassing in camera inspection” of the State’s evidence. We are of the view that the following statement on page 557 in State v. Gillespie, supra, is controlling:
“ * * * it is, of course, the paramount duty of the trial judge to conduct the trial itself fairly, expeditiously and in such a manner that reversible or fundamental error will not occur. Accordingly, he is vested with broad discretion to devise procedural safeguards against such error.”
The petitioner argues in its brief that the information contained in the traffic homicide investigation report is available to the defendant by deposition and all information obtained in that manner. Assuming that the petitioner’s argument is correct, we have difficulty in .finding that the trial judge has abused his discretion by directing that the specific information in one report be furnished to defendant.
Having found that the trial judge did not abuse his discretion in granting the subject order to such an extent that it constituted a substantial departure from the essential requirements of the law, or that the State is at peril or prejudiced, the petition for writ of certiorari is denied.
JOHNSON, C. J., and SPECTOR, J., concur.