254 So.2d 402 (1971)
STATE of Florida, Appellant,
v.
David Charles SMITH, Jr., and Alphonso Figgers, Appellees.
No. Q-178.
District Court of Appeal of Florida, First District.
November 18, 1971.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
*403 Wilfred C. Varn, and E.C. Deeno Kitchen, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellees.
RAWLS, Judge.
Defendants have been indicted for first degree murder and are now awaiting trial. Upon defendants' motion, the trial court entered a pretrial order stating inter alia: "ORDERED that the following persons[1] shall be examined for visual acuity by Dr. Harold Ward at a time and place to be specified by him prior to the trial of this cause * * *" By this interlocutory appeal, the State seeks a reversal of the foregoing order. We first consider defendants' motion to dismiss upon the ground that this Court lacks jurisdiction.
The genesis of this Court's jurisdiction is the Constitution of the State of Florida. Article V, Section 5(3), F.S.A., provides:
"Jurisdiction. Appeals from trial courts in each appellate district, * * * may be taken to the court of appeal of such district, as a matter of right, from all final judgments * * * except those from which appeals may be taken direct to the supreme court or to a circuit court."
The cited constitutional provision further states:
"The supreme court * * * may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal."
The instant appeal sought by the State is not from a final judgment, and is not one appealable directly to the Supreme Court or to a Circuit Court. Jurisdiction of this Court to entertain interlocutory appeals from pretrial orders is dependent upon the Supreme Court providing for such review. Has the Supreme Court so provided? We conclude that it has not.
The sole provision promulgated by the Supreme Court for appellate review of pretrial orders in criminal cases is found in Rule 6.3, subd. b, 32 F.S.A.[2] This Rule breathes life into a legislative Act[3] which purports to permit appellate review of a pretrial order which quashes a search warrant, suppresses evidence obtained by search and seizure, or suppresses a confession or admission made by a defendant.
The legislature has sought to provide appellate review of other pretrial orders entered in criminal cases[4] through enactment of Section 924.07(8), which provides:
"All other pretrial orders, except that it may not take more than one (1) appeal under this subsection in any case * * *"
The Supreme Court has not as of this date adopted or implemented this legislative declaration of public policy.
Appellate review of any order or judgment entered by a trial court is not a right derived from the common law. The right of appellate review is derived from the sovereign; i.e., the citizens of this State. By means of Article V of the Florida Constitution, the citizens have granted to a litigant as a matter of right appellate review of a final judgment. The sovereign has decreed that "The supreme court * * * may provide for review by such courts of interlocutory orders * * *" (Emphasis *404 Added.) This explicit provision is clearly substantive and not procedural.[5] The Constitution does not authorize the legislature to provide for interlocutory review. Any statute purporting to grant interlocutory appeals is clearly a declaration of legislative policy and no more. Until and unless the Supreme Court of Florida adopts such statute as its own (as it did with regard to Section 924.071), the purported enactment is void.
Article V, Section 5(3), of the Constitution of the State of Florida, also provides: "* * * A district court of appeal may issue writs of * * * certiorari * * *" The extraordinary writ of common law certiorari may be issued when no direct appellate review is available to correct usurpation of power or where a tribunal has not proceeded according to the essential requirements of the law.[6] In State ex rel. Duncan v. Crews[7] this Court entertained a petition for writ of certiorari by the State seeking quashal of a pretrial order. In denying the writ, this Court, citing State v. Coyle,[8] observed that the common law writ of certiorari is a discretionary writ that will issue only in exceptional cases. So, there is a "dime's worth of difference" between review of a pretrial order as a matter of right by interlocutory appeal and review by petition for writ of common law certiorari.
In view of the above, we treat the instant cause, which is styled as an interlocutory appeal, as a petition for writ of certiorari.[9] Although the instant proceeding is now before this Court upon motion to dismiss, in view of the complete record, excellent briefs, and the short hour prior to trial date, we entertain the petition for writ of certiorari.[10]
The State vigorously contends that the trial judge was wholly without legal authority to enter the controverted pretrial order and urges that the Supreme Court has not provided authorization for the trial court to compel a prospective witness to submit to a physical examination. Discovery in criminal cases was unknown to the common law. It was contrary to the criminal procedure in this State prior to February 28, 1968. Extensive provisions for discovery in criminal procedure were provided for by the Supreme Court in 1968.[11] The cited Rule itemizes numerous avenues for discovery, but fails to specifically mention any physical examination of potential witnesses. The State concludes that the doctrine expressio unius est exclusio alterius is applicable. Defendants rely upon the broad provisions of the extensive discovery procedure.
It is our view that the real question is whether or not the trial judge has so departed from the essential requirements of law that we are called upon to intrude upon the trial court's jurisdiction?
The State in its brief advises that these defendants were indicted on January 28, 1971. Trial date has been set for November 29, 1971. Defendants assert that they have been imprisoned awaiting trial since January of 1971. They are anxious to be tried on November 29, 1971, and are constitutionally *405 entitled to a speedy trial. Under these circumstances, we are not inclined to inject this Court into this stage of the cause in the trial court.
The petition for writ of certiorari is denied.
CARROLL, DONALD K., Acting Chief Judge, and JOHNSON, J., concur.
NOTES
[1] Witnesses that may be used by the State for identification of the persons involved in the perpetration of the crime alleged to have been committed by defendants.
[2] Rule 6.3, subd. b, Florida Appellate Rules reads:

"b. Appeals pursuant to Section 924.071, Florida Statutes 1967, shall be taken within the time prescribed in subsetion a. above, or prior to the commencement of the trial whichever is sooner. The procedure for such appeals shall be as provided in Rule 4.2. Such appeals shall be given priority on the docket."
[3] F.S. § 924.071, F.S.A.
[4] F.S. § 924.07(8), F.S.A.
[5] Levin and Amsterdam, Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision, 107 U.Pa. L.Rev. 1, 14 (1958).
[6] 1 Crandall, Florida Common Law Practice, Certiorari § 472, p. 652 (1928).
[7] State ex rel. Duncan v. Crews, 241 So.2d 754 (Fla.DCA 1st, 1970).
[8] State v. Coyle, 181 So.2d 671 (Fla.DCA 2d, 1966).
[9] Aetna Insurance Company v. Jordan, 189 So.2d 408 (Fla.DCA 1st, 1966. Compare State v. Crawford, 245 So.2d 893 (Fla. DCA 1st, 1971), cert. now pending in Supreme Court of Florida; in which the interlocutory appeal from a pretrial order was not properly considered as petition for common law writ of certiorari. See also State v. Hamilton, 240 So.2d 509 (Fla.DCA 3d, 1970).
[10] State v. Lampp, 155 So.2d 10 (Fla.DCA 2d, 1963).
[11] Rule 1.220. Discovery, Florida Rules of Criminal Procedure, 33 F.S.A.