257 So.2d 898 (1972)
STATE of Florida, Petitioner,
v.
Willie James CRAWFORD, Respondent.
No. 41043.
Supreme Court of Florida.
January 26, 1972.
*899 Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for petitioner.
Louis O. Frost, Jr., Public Defender and Bartley K. Vickers, Asst. Public Defender, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District (State v. Crawford, Fla.App., 245 So.2d 893), which allegedly conflicts with a prior decision of this Court (Anderson v. State, Fla., 241 So.2d 390), and a prior decision of the District Court of Appeal, Second District (State v. Gillespie, Fla.App., 227 So.2d 550), on the same point of law. Fla. Const. art. V, § 4, F.S.A.
The respondent's request for oral argument is denied. See Florida Appellate Rule 3.10(e), 32 F.S.A.
Respondent, defendant below, charged with the crime of murder in the first degree, filed a "Motion for Statement of Particulars, Production of Confessions or Statements and to Compel the Disclosure of All Evidence to the Defendant." Among other things, he requested
"... the criminal records, F.B.I. records, or any list or summary reflecting the criminal records, of all persons the State of Florida intends to call at trial"

and
"... the police records and F.B.I. records of the defendant and the victim in this cause."
The trial court granted these portions of the motion. On petition for rehearing, the State alleged that it did not have in its possession the material mentioned or referred to and contended that it would be unreasonable to impose upon the State the duty to obtain and produce such records for the defendant. The petition for rehearing was denied.
Pursuant to Fla. Stat. § 924.07(8), F.S.A., the State filed a notice of appeal seeking a review of this order. Upon appeal the order of the trial judge was affirmed and this petition for writ of certiorari resulted.
In State v. Gillespie, supra, the Court said:
"At the outset, we observe that pretrial discovery in criminal cases in its broad sense is one thing, and the extent to which the prosecution may be compelled to cooperate therein is quite another. In this era of enlightened jurisprudence, the overall concept of discovery has generally been met with approval, but the aspect of compelled prosecution cooperation has furnished the arena for respected differences of opinion and for much of the apparent confusion... . the underlying principle supporting the whole idea of criminal pretrial discovery, as gleaned from the cases and well-reasoned commentaries, is fairness. But no intelligent concept of fairness has ever been advanced which would require one side of a judicial controversy to prepare the case for his adversary, or to furnish such adversary with evidence favorable to him when such evidence is otherwise reasonably available; and the unique aspects of the criminal law do not require that such a concept should be any more appropriate in a criminal case than in any other." (227 So.2d p. 553)
"We conclude from the foregoing therefore, that any mandate deducible from the federal decisions on the question of what the prosecution is required to disclose to an accused in a criminal case, concerns itself in the first instance only with those matters of which the accused cannot, by reasonable diligence, otherwise avail himself. Whatever effect such mandate may have had on the courts of Florida prior to the effective date of the Criminal Rules of Procedure *900 need not be considered here. But insofar as it would exert any discipline on our criminal proceedings since the adoption of those rules, we are talking about a very narrow class of cases; that is to say, our courts need only be now concerned with those cases in which the evidence sought to be discovered cannot otherwise be discovered under the rules. By taking copious and diligent advantage of these rules a defendant in a criminal case in Florida can now avail himself of everything reasonably relevant and material to the case save Grand Jury proceedings (which we will discuss later), and that class of evidence, contemplated by Brady, [Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] which the prosecution would knowingly intentionally suppress." (227 So.2d p. 555)
Further, in Anderson v. State, supra, this Court said:
"In State v. Gillespie, 227 So.2d 550 (Fla.App.2d, 1969), the Court noted that under the decisions in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1968), and Williams v. Dutton, 400 F.2d 797 (5th Cir., 1968), denial of timely discovery of evidence `favorable' to the accused which is otherwise unavailable to him may affect the fairness of the trial to such an extent that due process is denied. The Court then discussed what was meant by `favorable evidence' as used in the Brady case. It said:
"`The bounds of this responsibility are difficult to accurately proscribe, but the best guidelines we have found were laid down by the Maryland court in State v. Giles [239 Md. 458, 212 A.2d 101 (1965)], and were subsequently cited with approval by Mr. Justice Brennan in Giles v. Maryland [386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967)]:
"`"As we see it, the prosecution should disclose to the defense such information as it has that may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory, and where there is doubt as to what is admissible and useful for that purpose, the trial court should decide whether or not a duty to disclose exists."'" (Emphasis supplied.) (Text 556 of 227 So.2d) (241 So.2d pp. 394, 395)
There is conflict and we have jurisdiction.
The Connecticut court in State v. Bowden, 29 Conn.Sup. 86, 272 A.2d 141 (1970) held that a defendant charged with possession of narcotic drugs was entitled to any record the State might have of prior felony convictions of any prosecution witnesses or criminal charges pending against them. We recognize that evidence of the prior conviction of a witness may be relevant and material evidence for the purpose of impeachment. The prosecution loses little, if anything, by making the witness' conviction record available to defense counsel in advance of trial if there is any chance that the witness has not revealed a particular conviction.
On the other hand, the prosecuting attorney should not be required to actively assist defendant's attorney in the investigation of the case. Discovery in criminal cases has tended to be heavily weighed in favor of the defendant, and it would be contrary to the general principle of advocacy, as well as fairness itself, to require the prosecuting attorney to perform any duties on behalf of the defendant in the preparation of the case.
If on pretrial depositions or at trial, a witness denies having been convicted of a crime and the prosecuting attorney knows this is not true, the prosecuting attorney has an obligation to provide defense counsel with information regarding the witness' prior convictions. But neither a *901 criminal record nor an F.B.I. rap sheet is admissible evidence for that purpose. The information therefrom that would lead defense counsel to admissible evidence should be divulged, but not the actual criminal record or rap sheet with its many irrelevant notations.
We therefore hold that the prosecuting attorney may be required to disclose to defense counsel any record of prior criminal convictions of defendant or of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, if such material and information is within his possession. If not in his possession, the prosecuting attorney should not be required to secure this information for defense counsel.
The decision of the District Court of Appeal is quashed and the cause is remanded with instructions to further remand the cause to the trial court for the entering of an order in accordance with the views expressed herein.
It is so ordered.
ROBERTS, C.J., and CARLTON and McCAIN, JJ., concur.
ERVIN, J., dissents with Opinion.
ERVIN, Justice (dissenting).
I believe the extent to which the discovery rules should be complied with by the prosecutor at the behest of the defendant is best left within the sound discretion of the trial judge, subject, of course, to District Court appellate review in case of abuse. Here the trial judge with the District Court's approval granted the defendant's motion for discovery to the extent determined requisite. I do not believe we should interfere with these determinations and would discharge the writ since no decisional conflict appears nor for that matter any abuse of discretion.