272 So.2d 550 (1973)
STATE of Florida, Appellant,
v.
Wilmon CONEY, Appellee.
No. Q-477.
District Court of Appeal of Florida, First District.
February 1, 1973.
*551 Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., and Bartley K. Vickers, Jacksonville, for appellant.
Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for appellee.
WIGGINTON, Judge.
The State of Florida has appealed a pretrial discovery order rendered in this case pursuant to the authority of F.S. Section *552 924.07(8), F.S.A. It is contended that the trial court erred as a matter of law in ordering the State to produce for defendant's inspection certain reports and other data sought by his discovery motion.
During the pretrial stages of this case defendant moved the court for an order granting to him discovery of certain statements, confessions, evidence, and other data. Among the requests was the following:
"15. The criminal records, FBI records, or any list or summary reflecting the criminal records, of all persons whose names are required to be furnished under a previous offer by the Defendant to exchange witness lists under Rule 1.220(e) of the Criminal Procedure Rules [33 F.S.A.] if such records are in the possession of the State of Florida or its agents."
By its order, the trial court held that the requests for the records and other data sought by the above-quoted paragraph of defendant's motion was granted:
"... to the extent that the information sought by said paragraphs is within the actual or constructive possession of the State of Florida. The term constructive possession shall include the ability of the State to obtain such data by virtue of the State being a party to any compact or agreement with the Federal Bureau of Investigation, and shall include any data within the actual or constructive possession of the Bureau of Law Enforcement in Tallahassee, Florida. The objection that the data is not in the physical possession of the State Attorney's office of the Fourth Judicial Circuit is denied, since the State of Florida is prosecuting this action, not the State Attorney's office."
In State v. Crawford[1] a similar motion for discovery was made by defendant and granted by the trial court. The trial court's order was affirmed by this court without an opinion[2] on the authority of our prior decision in Duncan v. Crews.[3] The Supreme Court accepted jurisdiction of the case on the ground of decisional conflict and proceeded to review prior decisions of the several appellate courts relating to the subject under consideration. In Crawford the State of Florida had responded to defendant's motion for discovery by the allegations that it did not have in its possession the material mentioned or referred to in defendant's request for discovery and contended that it would be unreasonable to impose upon the State the duty to obtain and produce such records for the defendant. In quashing this court's decision and remanding the case for further proceedings consistent with its opinion, the Supreme Court said:
"We therefore hold that the prosecuting attorney may be required to disclose to defense counsel any record of prior criminal convictions of defendant or of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, if such material and information is within his possession. If not in his possession, the prosecuting attorney should not be required to secure this information for defense counsel."
The question with which we are confronted is whether under the above-quoted holding in Crawford the material and information within the possession of the state attorney includes that which is in his constructive as well as in his actual possession. We are of the view that this inquiry is answered in the affirmative.
The entire purpose of pretrial discovery in criminal cases is to assure a defendant *553 charged with crime the right to a fair trial. Certainly a defendant should not be permitted to so employ the pretrial procedures as to require the state attorney to investigate or prepare his case for him, or to disclose to him information or documents which, by the exercise of due diligence, are readily available to him by subpoena or deposition. This was the sole issue presented to and resolved by the Supreme Court in favor of the State in its Crawford decision. As stated by the Second District Court of Appeal in State v. Gillespie[4] and quoted with approval by the Supreme Court in Crawford, supra:
"`... [T]he underlying principle supporting the whole idea of criminal pretrial discovery, as gleaned from the cases and well-reasoned commentaries, is fairness. But no intelligent concept of fairness has ever been advanced which would require one side of a judicial controversy to prepare the case for his adversary, or to furnish such adversary with evidence favorable to him when such evidence is otherwise reasonably available; ... .'"
We are here dealing with a pretrial discovery order which requires the State to disclose to defendant the criminal records of all state witnesses which are in the possession of the State, its agents, or the Federal Bureau of Investigation, which records are wholly unavailable to defendant but are readily available to the State and are in the actual or constructive possession of the state attorney to whom the order is directed. It should be kept in mind that a defendant in a criminal case is not being charged and prosecuted by the state attorney, but by the sovereign State of Florida. The state attorney is merely the court official charged with the duty of handling the case from its inception to its conclusion. It is the State of Florida, and not the state attorney, who is obligated under the Constitution to afford each defendant a fair trial.
The records required to be disclosed in the case sub judice are either in the possession of the state attorney, the Bureau of Law Enforcement of the State of Florida at its office in Tallahassee, or are readily available to that agency by electronic communication from the records of the Federal Bureau of Investigation in Washington and obtainable under a compact existing between our state and federal governments. The Federal Bureau of Investigation information is quickly and effortlessly obtained by pushing a button in the computers and almost instantaneously receiving a print-out of the information requested. The office of the Bureau of Law Enforcement in Tallahassee is directly connected to the sheriffs' offices over the state in such manner that information furnished by it can be immediately transmitted by electronic means. The motion for discovery filed by defendant for information not available to him is directed to the State of Florida which has the means of providing it to him in a prompt and efficient manner without burdening to any great extent the office of state attorney. The prosecuting officer is not a guarantor of the accuracy of the information furnished to him at his request by other governmental agencies, and the failure of those agencies to furnish accurate and correct information requested by the state attorney and in turn furnished by him to defendant shall form no basis for reversible error.
Whether the information he is required to disclose is in the actual possession of the state attorney becomes relatively unimportant if it is available to him by the employment of his working relationship with the Bureau of Law Enforcement and the arrangements that agency has with the Federal Bureau of Investigation. Under these circumstances, it is our view that all pertinent and material information requested by a defendant which is necessary to assure him of a fair trial and which is not otherwise available to him by the exercise *554 of due diligence should be made available by the State of Florida if such information is contained in its files and records or may be readily procured by it through its compact arrangements with the Federal Bureau of Investigation. This includes information reposing in the files of the state attorney charged with the duty of handling the case, the county sheriff involved in the investigation and arrest, and the Bureau of Law Enforcement at its headquarters in Tallahassee.
The foregoing comports with what we conceive to be the meaning and intent of the Supreme Court as expressed by its decision in Crawford, supra, when, again quoting from Gillespie, supra, it said:
"`We conclude from the foregoing therefore, that any mandate deducible from the federal decisions on the question of what the prosecution is required to disclose to an accused in a criminal case, concerns itself in the first instance only with those matters of which the accused cannot, by reasonable diligence, otherwise avail himself... . that is to say, our courts need only be now concerned with those cases in which the evidence sought to be discovered cannot otherwise be discovered under the rules... .'"[5]
In Anderson v. State[6] our Supreme Court again quoted with approval from Gillespie, supra, by stating that in that case the court noted that denial of timely discovery of evidence favorable to the accused which is otherwise unavailable to him may affect the fairness of the trial to such an extent that due process is denied. The court then proceeded to quote with approval from the decision by the Supreme Court of Maryland in State v. Giles[7] as follows:
"`As we see it, the prosecution should disclose to the defense such information as it has that may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory, and where there is doubt as to what is admissible and useful for that purpose, the trial court should decide whether or not a duty to disclose exists.'"
From the foregoing it is our view that when a pretrial motion for discovery, such as that involved in this case, is presented to the trial court for a ruling, a determination should first be made as to whether all or any part of the information sought by defendant is readily available to him by the exercise of due diligence through deposition, subpoena, or other means. If so, the motion should be denied; if not, the court should then proceed to a determination as to whether the information sought may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory. If this determination is resolved in the affirmative, the motion should be granted; otherwise, denied. The order appealed herein meets the foregoing standard.
It does not comport either with logic or reason to hold that a defendant is not entitled to the discovery of relevant and material information which may be admissible and useful to his defense and is otherwise unavailable to him merely because such information is not at the time the motion is heard reposing in the files and actual possession of the state attorney. If actual possession of information by the state attorney is to be the criterion for determining the defendant's entitlement to it, then much of such information, although fully known to the state attorney, could be retained by the sheriff or other investigating officers and by the Bureau of Law Enforcement in Tallahassee and not actually transmitted *555 to the state attorney until so close to the hour of trial that it would be of no useful benefit to the defendant even if disclosed to him at that time. Such a possibility does not square with any responsible concept of fairness in the trial of a criminal case. So long as the pertinent and relevant information requested by a defendant is readily available to the state attorney from other state governmental agencies for his use in the prosecution of the case even though not reduced to his actual possession, then it should likewise be made available to the defendant upon his timely demand.
It seems to us rather naive to suggest, as urged by the State, that the defendant first be required to depose all of the State's witnesses and interrogate them concerning their criminal activities before being entitled to a disclosure of such records by the State of Florida. Such a procedure would be an exercise in futility and would effectively thwart the defendant's ability to acquire information needed by him in determining whether a challenge should be made to the credibility of the State's witnesses testifying at the trial.
For the reasons above stated, the order appealed herein is affirmed.
JOHNSON, J., concurs.
SPECTOR, C.J., dissents.
SPECTOR, Chief Judge (dissenting).
For the reasons hereinafter set forth, I respectfully dissent from the majority opinion.
Appellee Coney was charged with first degree murder arising out of an affray over a woman. The victim was a recent resident in the same boarding house where appellee lived, and the homicide ensued after the victim, with a .22 pistol in his hand, proclaimed to those present at the boarding house that "... some of you son-of-bitches up here is messing with my woman and I kill every man up here, all of them up here no good, and have her with him." (sic.)
During the pretrial motion stage of the case, the defendant made a broad motion seeking multiple discovery of statements, confessions, evidence and names of witnesses to be used at trial. Among the numerous requests for discovery, appellee sought the following:
"15. The criminal records, F.B.I. records, or any list or summary reflecting the criminal records, of all persons whose names are required to be furnished under a previous offer by the Defendant to exchange witness lists under Rule 1.220(e) of the Criminal Procedure Rules if such records are in the possession of the State of Florida or its agents."
The trial court entered its order granting the relief prayed for in the above cited paragraph "to the extent that the information sought by said paragraphs is within the actual or constructive possession of the State of Florida. The term constructive possession shall include the ability of the States to obtain such data by virtue of the State being a party to any compact or agreement with the Federal Bureau of Investigation, and shall include any data within the actual or constructive possession of the Bureau of Law Enforcement in Tallahassee, Florida. The objection that the data is not in the physical possession of the State Attorney's Office of the Fourth Judicial Circuit is denied, since the State of Florida is prosecuting this action, not the State Attorney's Office."
Paragraph 16 of appellee's motion to produce also contained a prayer for the production of "police records and F.B.I. records of the Defendant and the victim in this cause". That prayer was granted subject to the trial court's interpretation of "possession" contained in the foregoing excerpt taken from the trial court's order.
A similar motion to produce was made by the defendant in State v. Crawford, 245 So.2d 893 *556 (Fla.App.). The motion was granted and on the State's appeal to this court we affirmed on authority of State ex rel. Duncan v. Crews, 241 So.2d 754 (Fla.App. 1970). In Crews, we had before us an order entered by the trial court in a manslaughter case which required the State to produce for that defendant's inspection and reproduction the homicide investigation conducted by the Department of Public Safety of a traffic fatality. We denied certiorari relief in Crews based on the absence of a showing that the trial judge had abused his discretion in view of his broad discretion in the manner of conducting the trial of a case. Our holding there simply was that the petitioner had failed to show that the trial judge's order constituted a substantial departure from the essential requirements of law.
The State now takes this appeal pursuant to Section 924.07(8(, Florida Statutes, F.S.A., seeking reversal of that portion of the trial court's order construing the word "possession" to include "constructive possession" in the manner aforesaid. The State contends that the order in question goes beyond the prosecutor's duty as outlined in State v. Crawford, 257 So.2d 898 (Fla.).
Following our per curiam affirmance of the trial court's order in the Crawford case, supra, the Supreme Court in an opinion reported in 257 So.2d 898, quashed our judgment of affirmance, stating at page 901:
"We therefore hold that the prosecuting attorney may be required to disclose to defense counsel any record of prior criminal convictions of defendant or of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, if such material and information is within his possession. If not in his possession, the prosecuting attorney should not be required to secure this information for defense counsel."
I agree with appellant's contention that the order reviewed herein imposes duties on the prosecuting attorney that go beyond those seemingly contemplated by the Supreme Court's decision in the Crawford case. The order reviewed contemplates that the prosecuting attorney shall obtain such data as had been requested, even though he may not presently have it, if he has access to it through reciprocal reporting arrangements with the Federal Bureau of Investigation. It seems to me that the requirement that the prosecutor "obtain" the requested data flies directly in the face of the Supreme Court's holding that the prosecutor "should not be required to secure this information for defense counsel".
The availability of F.B.I. records through electronic communications is the obvious foundation of the trial court's order. Yet no mention was made by the Supreme Court in Crawford of records available through such means, although that court's opinion leaves no doubt that F.B.I. records were the center of controversy. It can hardly be assumed that at the time of the decision in Crawford, the Supreme Court did not know about the F.B.I. electronic communications network to which state law enforcement agencies belong and have access, yet the court did not include those records within its opinion unless they were already in the possession of the prosecuting attorney. Accordingly, it is my view that the order reviewed herein goes beyond the scope of permissible discovery to the extent that it extends to records not already in the possession of the prosecuting attorney.
The order entered below also collides with the requirements of Crawford in that it grants discovery as to the "criminal records" of witnesses for the State, whereas the Supreme Court made it quite clear that only conviction records were subject to discovery if in the prosecutor's possession. The form of the defense discovery motion and the order granting same clearly exceeded the scope permitted by Crawford by seeking the entire criminal record. Relying on Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), the court in Crawford limited discovery as to witnesses *557 to matters considered admissible and useful to the defense in the sense that it is probably material and exculpatory.
Finally, I also believe that under Crawford the defense counsel must make some inquiry of the witness as to his criminal record. The witness must deny any criminal conviction and defense counsel must reasonably believe that he is not telling the truth. Only then can defense counsel request disclosure from the prosecuting attorney of any criminal conviction of which he has knowledge. There is no showing in the instant case that the witness was given an opportunity to state whether or not he had even been convicted of a crime. If he makes such disclosure voluntarily, then there is no need for further discovery. Therefore, logically, such showing should be a prerequisite to granting a motion to disclose criminal conviction records in order to conserve the time and energy of our often overworked state attorneys' offices.
Discovery procedures in criminal cases are comparatively new in Florida. Such procedural rules were promulgated by the State Supreme Court pursuant to its constitutional authority. Those rules ought not be extended by lower courts beyond the scope envisioned by the court that promulgated them. In Crawford, supra, the court recognized that the discovery rules in criminal cases have "tended to be heavily weighed in favor of the defendant, and it would be contrary to the general principle of advocacy, as well as fairness itself, to require the prosecuting attorney to perform any duties on behalf of the defendant in the preparation of the case." [257 So.2d at page 900].
In contrast with the liberal discovery rules now prevailing in Florida, it is noted that the provisions made for discovery in the Federal Criminal Procedure Rules not only do not permit discovery of criminal conviction records of witnesses intended to be used by the government in federal prosecution, but those rules do not even permit discovery of the names of the witnesses that are going to be used against a citizen charged with violating a federal law in the federal courts! United States v. Conder, C.A. 6th, 1970, 423 F.2d 904, cert. den. 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267; United States v. Gardner, D.C.N.Y. 1969, 308 F. Supp. 425; United States v. Mahany, D.C.Ill. 1969, 305 F. Supp. 1205; United States v. Withers, D.C.Ill. 1969, 303 F. Supp. 641; United States v. Callahan, D.C.N.Y. 1969, 300 F. Supp. 519; United States v. Mavrogiorgis, D.C.N.Y. 1969, 49 F.R.D. 214; United States v. Ladd, D.C.Alaska 1969, 48 F.R.D. 266, 268; United States v. Hughes, C.A. 10th, 1970, 429 F.2d 1293; United States v. Persico, C.A.2d 1970, 425 F.2d 1375, cert. den. 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108, and McIntosh v. United States, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108; United States v. Glass, C.A. 9th, 1969, 421 F.2d 832; United States v. Eagleston, C.A. 10th, 1969, 417 F.2d 11; Edmondson v. United States, C.A. 10th, 1968, 402 F.2d 809; Rosenzweig v. United States, C.A. 9th, 1969, 412 F.2d 844; United States v. Seasholtz, C.A. 10th, 1970, 435 F.2d 4.
When viewed against the standard of due process thus afforded an accused under the federal practice, it can hardly be argued that defendant in a state prosecution is deprived of a fair trial when F.B.I. rap sheets and conviction records of witnesses are not required to be obtained by the prosecuting attorney for the defense.
Accordingly, the order reviewed herein should be reversed and the cause remandded with directions that the order to produce be amended to conform to this opinion as it relates to the criminal records of witnesses intended to be used by the State.
NOTES
[1] State v. Crawford (Fla. 1972), 257 So.2d 898, 899, 901.
[2] State v. Crawford (Fla.App. 1971), 245 So.2d 893.
[3] State ex rel. Duncan v. Crews (Fla.App. 1970), 241 So.2d 754.
[4] State v. Gillespie (Fla.App. 1969), 227 So.2d 550, 553.
[5] Supra note 1, 257 So.2d at 900.
[6] Anderson v. State (Fla. 1970), 241 So.2d 390, 394, 395.
[7] State v. Giles, 239 Md. 458, 212 A.2d 101; see also Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.