PER CURIAM.
By petition for certiorari, the State seeks review of an order requiring the disclosure of the name of a confidential informant, contending that the trial judge departed from the essential requirements of the law[1] in requiring the disclosure of same when the only evidence before the trial judge [upon the motion to compel disclosure] demonstrated that the confidential informant did not introduce the defendant to the law enforcement officer and did not witness the alleged criminal transaction.
Therefore, it appears that the trial judge committed a departure from the essential requirements of the law and erred in this ruling, under the authority of this court’s opinion in Doe v. State, Fla.App. 1972, 262 So.2d 11. See also: City of Miami v. Jones, Fla.App. 1964, 165 So.2d 775.
The order compelling disclosure be and the same is hereby quashed.

. State v. Andres, 148 Fla. 742, 5 So.2d 7; State v. Coyle, Fla.App.1906, 181 So.2d 671; State v. Crews, Fla.App.1970, 241 So.2d 754; State v. Smith, Fla.App.1971, 254 So. 2d 402, quashed in part Fla.1972, 260 So.2d 489.