Deaderick, J.,
delivered the opinion of the Court.
At the March Term, 1871, of the Circuit Court of Hamilton county, the plaintiffs in error were presented for disturbing religious worship. They were convicted at the July Term, 1871, of the court, and motions for a new trial, and in arrest of judgment, were severally made and overruled, and they appealed in error to this court.
It is insisted that the judgment and verdict should be set aside, as they are not sustained by the evidence.
While it is true that there is some apparent conflict in the testimony, there is evidence sufficient to sustain the verdict, and the jury had the opportunity of judging of the credibility of the witnesses introduced before them, and the Circuit Judge before whom the trial was had, refused to grant a new trial, and we can not say that we are not satisfied with his action.
*271 The reason in arrest of judgment, is, that the presentment does not charge that the whispering, laughing, talking, and other acts of rude and indecent behavior, were done at or near the place of worship.
The act on which the presentment is founded, provides, that if any person willfully disturbs or disquiets any assemblage of persons met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act, at or near the place of worship, he shall be fined, &g,: Code, 4853.
In the case of The State v. Doty, 5 Cold, 33, this court held, that it was indispensable to aver that the acts causing the disturbance were done at or near the place of worship, upon the ground that it is of the essence of the offense that the acts should be done at or near the place of worship.
"We entertain a different opinion of the proper construction of the statute. The willful disturbance, by rude or indecent behavior, &c., of persons met for religious worship, is the offense made punishable by statute. It is true that the offense can be committed only by persons who are at or near the place of worship, and the purpose of the words i;at or near/’ in the statute, is to provide for the punishment of cases of disturbance by an offender who may be near the scene of disturbance, as well as those committed in the very presence of the assembled worshippers. In what precise locality the offender may be, is not an essential element of the offense, and it may be shown by proof, and need not be averred in the presentment.
This court has uniformly given a liberal construction *272 to statutes enacted for tbe protection of religious assemblies, against disturbances by disorderly persons.
The case in 6 Cold, is, therefore, overruled, and the judgment of the court below is affirmed, and the cause is remanded for the execution of the judgment.