TurNEY, J.,
delivered the opinion of the Court.
By statute of 1869-70, c. 22, s. 4, it is enacted “That no liquor shop in this State shall be kept open on election days, nor shall any person, on said days, give or. sell intoxicating liquors to any person, for any *316 purpose, at or near an election ground:” Shankland’s Stat., 108.
By s. 3, c. 53, of Acts of 1869-70, “That all persons convicted under the 4th section of Acts of 1869-70, c. 22, passed December 1, 1869, of which this is amendatory, shall be punished by fine of not less than twenty-five dollars nor more than one hundred, or by imprisonment in the county jail at the discretion of the court: Bee. 4. That the word 'day, in the' act which this is intended to amend, shall mean from sunrise to sunset:” Shank. Stat., 109.
The purpose of these enactments is, to preserve good order and conserve peace. To make these objects more certain of attainment the expression “at or near an election ground,” is used. If the giving or selling is not at the election ground, but at a place not distant or remote, but of reasonably easy or convenient access, the party so giving or selling is guilty.
In this case, the offense was committed within a mile and a quarter, either distance being very certainly within the scope of the operation of the statute.
A contrary holding would make the law a dead letter on the statute book, as it would authorize parties to constantly violate it by removing to a distance of one, two, or even more miles, and then sell or give intoxicating liquors to persons attending, or proposing to attend elections, who could and would, by joint contributions, get Up joint-stock jug-groceries, thus keeping down a scantiness in supply of the exhilarating as well as warlike fluid, as has been often done, in violation of the “Camp Ground” law.
*317 As the transcript fails to bring up the judgment of the Circuit Court, we can only announce the principle decisive of the question presented, leaving the case with the court below.