SIGMAN *et al. v.* NEWTON COUNTY *et al.*

No. 6517.   FEBRUARY 19, 1929.

*Orrin Roberts,* for plaintiffs.   *C. C. King,* for defendants.

HILL, J.   (After stating the foregoing facts.)   The court did not err in sustaining the demurrer.   It will be observed that no

part of the proposed road has been altered "beginning at the line between Rockdale and Newton Counties, and extending eastward through Almon to the City of Covington and in and through the said City of Covington on to" the forks of the road east of the Wright Adams residence, which seems to comprise the entire length of the road for which the bonds were voted to pave across the County of Newton, except a few miles from the forks of the road near and east of the Wright Adams residence to the Walton County line. There appears to be no objection to the construction and paving of the road extending from a point on the Rockdale County line on the west to the forks of the road near and just east of the Wright Adams residence; but it is insisted by the plaintiffs that the remaining three and one half miles from that point to the Walton County line does not pass their residences; in other words, that the road from the point last indicated, east, does not comply with the advertisement that the road from that point shall be built to the Walton County line "near the town of Social Circle," so as to go through or pass by the lands of the plaintiffs. The question therefore arises, whether the building of the portion of the road as contemplated will comply with the advertisement which declares that it will be built "near the town of Social Circle." We are of the opinion that the word "near" is a relative term, and that it can not be said that to build the road three and one half miles from the town of Social Circle, is not to build it "near" that town. 3 Words & Phrases (2d), 530, defines the word "near" to mean "adjacent to, close by, not far from. It is a relative term, and its precise import can only be determined by surrounding facts and circumstances." In Kelly v. State, 123 Tenn. 516 (132 S. W. 193), it was said that "the title of Acts of 1909, ch. C 1, an act to prohibit the sale of intoxicating liquors as a beverage near any schoolhouse where a school is kept, whether it be in session or not, can not be said not to warrant the provision of the act prohibiting such a sale within four miles of such schoolhouse, especially where such provision has repeatedly been made before under a like title; the word 'near' being a relative term, the proper import of which is dependent on the sense and connection in which it is used, considered together with the purposes to be accomplished." Considering the length of the entire road and the discretion which the county authorities and the State Highway

126

Board have in locating State-aid roads, we can not say as a matter of law that a road located within three and one half miles of a certain town does not comply with an advertisement which says that the proposed road would be extended "in and through said City of Covington on to the line dividing Newton County and Walton County near the town of Social Circle," was not "near" the latter town as contemplated in the advertisement. The notice published specifically stated that the road which was to be paved was one "*extending eastward* (italics ours) through Almon to the City of Covington, and in and through said City of Covington on to the line dividing Newton and Walton Counties." There is no contention in the petition, or in the briefs of counsel, that the proposed road, to be constructed and paved by the State and county authorities from the fork of the road at the Wright Adams residence on the Walton County line, does not "extend eastward." Construing the petition most strongly against the pleader, we are of the opinion that it does not set out a cause of action entitling the plaintiffs to the injunction prayed for. Having held that the petition did not set out a cause of action, the allegations to the effect that the defendants ought to be enjoined because they failed to work the convicts of the county upon the proposed road are insufficient, in addition to the other allegations of the petition, to so strengthen it as to set out a cause of action which would withstand the demurrer filed against it.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*