CITY OF NASHVILLE *v.* JOHN W. VAUGHN.

(*Nashville.* December Term, 1928.)

Opinion filed March 16, 1929.

A. G. EWING, JR., for plaintiff in error.

J. M. ANDERSON, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

*(1)* The trial judge sustained a demurrer to a petition for condemnation for park purposes of farm lands on the ground, in substance, that the lands are not so near the City as to be within the power of the City to condemn. The determination of the controversy involves a construction of Subsection 3, Section 1, Chapter 426 of the Private Acts of 1927, the pertinent portion thereof reading as follows:

"The board of Park Commissioners of the City of Nashville, Tennessee, is hereby authorized to establish parks in such localities as it may determine, either within or near said City; and whenever in its opinion, property shall be needed for any park purpose, said Board may acquire the same by purchase, gift or condemnation."

Frank concessions of learned counsel for Vaughn eliminate all questions of the constitutionality of the Act and of regularity in procedure, the attack being confined to the two fold insistence (1) that the lands are located neither "within said City," nor "near said City;" and (2) that this issue goes to the power conferred by the legislature, rather than the discretion of the Board of Commissioners, and therefore presents a question for court decision.

*(2)* It would seem that the broad language of the Act shows an intention to vest the power in the Board of Commissioners to exercise wide and full discretion, subject to court review only when manifestly and clearly abused. Words could hardly be chosen to make this intention clearer. "In such localities *as it may determine;*" and "whenever *in its opinion,* property shall be needed *for any park purposes,*" is language of very broad import. The words we italicize are significant of this.

*(3)* "All municipal corporations may, for corporate purposes, hold real estate beyond their limits," (Shan.'s Code, Sec. 1922, and *Reams* v. *Board of M. & A.,* 155 Tenn., 222) and counsel concede that (1) parks are corporate purposes and (2) that the power may be conferred to locate and hold parks anywhere within the State. The question here then seems to be whether or not the language "either within or near said City" op-

erates as a limitation on the power otherwise so broadly conferred.

Conceding this, but not finding it necessary to decide it directly, we come to the determinative question whether or not a construction of the term "near said City" ex-.cludes condemnation of lands located as are the lands of Vaughn.

It appears that the City owns for park purposes a large and valuable area, more than 1800 acres, lying some five to eight miles beyond the corporate limits, and by this proceeding is seeking to add to this park the adjoining Vaughn lands. It appears that this area had been acquired for park purposes prior to passage by the legislature of the Act now before us, which is perhaps significant as suggesting that the legislature passed the Act in contemplation of the conditions existing, particularly of the fact that the City was extending its park system to locations no nearer to its limits. In a certain nontechnical sense the park so previously acquired was within the municipal or corporate jurisdictional limits. But however this may be, we are not of opinion that, under all the pertinent conditions, it can be said that the language "near said City" excludes the power, in the exercise of a reasonable discretion, to acquire by condemnation or otherwise lands for park purposes located as are these.

(4) The term "near" is, of course, relative. " 'Near' is an indefinite and vague term of relative signification, whose import can be determined only by the surrounding facts and circumstances, depending on the sense and connection in which it is used, considered together with the purposes to be accomplished. Its meaning must be understood by examining the intent with which it is

used.'' 45 C. J. 577. This quotation expresses the substance of many text book and decision declarations: Words and Phrases, 2nd Ed., Vol. III, 530; *Manis v. State*, 50 Tenn., 315; *Warren v. State*, 50 Tenn., 269, 271; *Fall River Iron Works v. Old Colony & Fall River; R. R. Co.*, 87 Mass., 226, 227.

It must be assumed that the legislature had in mind existing modern conditions and realized that ''near'' today is a wholly different thing from ''near'' in days gone by, made so by the wholly different facilities for transportation and movement generally; by the fact that trolley cars and automobiles have succeeded horse drawn conveyances, and that our population, including the working classes, freely and generally employ these agencies. Also, of the well nigh universal tendency of municipalities to extend their park systems to distances removed from congestion, seeking rural conditions of space and air and scene conducive to health and recreation.

Moreover, when the legislature in conferring discretionary powers employs terms in their nature relative only, ''indefinite and vague,'' the implication is necessarily strong that the intention is to vest a wide discretion. While the question of abuse of this discretion is one for the courts, this discretion will not be disturbed unless a ''palpable abuse of power'' is made to appear. *Department of Highways v. Stepp*, 150 Tenn., 682.

Now giving to the terms employed in the Act that common, generally accepted and every day use which the canons of construction call for, we think it clear that a large park located no further from the technical corporate limits of a large and populous city like Nashville, covering many square miles of territory, with a suburban surroundings extending miles out, and the residences of

its business and professional population and its public and private institutions, reaching out in every direction, must be "near the said City." This is an expression of its location which would be naturally applied and we are unable to agree that the Board of Commissions has palpably abused its discretion in so treating it.

It results that the judgment must be reversed and the case remanded.