

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 30, 1966

Mr. W. J. Cutbirth, Jr.                  Opinion No. C-747
Acting Deputy Director
Parks and Wildlife Department            Re: Authority of Texas Parks
John H. Reagan Building                  and Wildlife Department to
Austin, Texas        78701               Purchase land for salt water
                                         experiment pond.

Dear Mr. Cutbirth:

Your transmittal letter of August 29, 1966, accompanying
a proposed contract of sale whereby the Texas Parks and Wild-
life Department anticipates agreeing to purchase 40 acres
of land in Calhoun County in the vicinity of the City of
Palacios, under the authority of House Bill 12, 59th Legis-
lature, Regular Session, Parks and Wildlife Department,
Item 14,A - Game and Fish Improvements which provides:
"Special Facilities, including land for salt water experiment
pond near Rockport, . . ." presents the specific question of
whether the purchase of land near Palacios is permitted
under this authorization of "near Rockport."  Such question
should be answered by official opinion, rather than being
incorporated in a title opinion.

Information supplied by you is that the Parks and Wild-
life Department has a marine laboratory near Rockport, in
Aransas County, and desired to obtain land relatively close
to such laboratory for use as a salt water experiment pond,
to be operated in conjunction with such laboratory.  The
property you propose to purchase, which is some 70 miles
from Rockport, is the nearest suitable land you have been
able to locate after extensive investigation, search and
negotiation, and it is sufficiently close to your marine
laboratory to be used and operated for such intended pur-
poses and may be operated in connection with such laboratory
as economically as land closer thereto.

It is the opinion of this office that the Calhoun
County land which you propose to purchase for use as a salt
water experiment pond is sufficiently close to Rockport
to come within the intended coverage of Item "14 A" above
referred to.  It is to be used for the original intended

-3598-

purpose and is sufficiently close to Rockport so as not
to create the economical and practical problems originally
intended to be protected against.

The words "near Rockport" have no precise meaning as
applied to space or distance, for "near" is a relative term
often used to denote distances which within themselves
differ widely.  Sublett v. City of Tulsa, 405 P.2d 185 (Okla.
Supreme, 1965); and the precise meaning of the term can be
determined only by the surrounding facts and circumstances.
Kilgore v. Jackson, 118 S.W. 819, (Civ.App., 1909, Error ref.);
Sigman v. Newton County, 168 Ga. 122, 147 S.E. 586, Fall
River Iron Works v. Old Colony & F.R.R. Co., 87 Mass. 221;
City of Nashville v. Vaughn, 158 Tenn. 498, 14 S.W.2d 716.

> "The word 'near', as applied to space, can
> have no positive or precise meaning.  It
> is a relative term depending for its signi-
> fication on the subject-matter in relation
> to which it is used and the circumstances
> under which it becomes necessary to apply
> it to surrounding object."  28 Words & Phrases,
> "Near," page 143.

### S U M M A R Y

Texas Parks and Wildlife Department may purchase
property in Calhoun County near Palacios under
authorization of House Bill 12, 59th Texas Legis-
lature, Regular Session, Parks and Wildlife De-
partment Item 14 A Game and Fish Improvements,
which authorizes purchase of land for a salt-
water experiment pond near Rockport.

Respectfully submitted,

WAGGONER CARR
Attorney General

By: Harold G. Kennedy
Harold G. Kennedy
Assistant Attorney General

HGK/fb
APPROVED:
OPINION COMMITTEE
W.V.GEPPERT, Chairman
J. C. Davis
James McCoy
Linward Shivers
Roger Tyler
APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright