292 So.2d 375 (1974)
Robert Jerome TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. T-480.
District Court of Appeal of Florida, First District.
March 26, 1974.
*376 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was convicted of robbery and appeals from his judgment and sentence. He first contends that the court erred in allowing in evidence an alleged inculpatory statement made by him which was first made known to the defense thirty minutes before the trial. Two police officers testified that they overheard the statement from the hall and office adjoining the hall outside the closed door of the line-up room (which is used for a conference room) where appellant was placed for a visit with his wife. The officers testified they could not help overhearing appellant say in a loud voice, "That mother _____ couldn't identify me; I had a stocking over my face" (obscene word omitted). Appellant had previously been advised of his constitutional rights.
The state attorney advised the defense attorney approximately thirty minutes before trial that the officers would testify to the statement. It appears that the state attorney had just then learned of the statement himself. On April 16, 1973, appellant had made a demand for discovery pursuant to Rule 3.220(a), Florida Rules of Criminal Procedure, 33 F.S.A. that the state disclose to him "any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor... ." To which the State on May 4, 1973, replied: "None known to the State." At the outset of the trial, (May 23, 1973) before any testimony was taken, appellant objected to the statement on the ground that the state had violated its duty to furnish him any statements made by appellant. Appellant relies upon State v. Coney, Fla.App., 272 So.2d 550. We stated in Coney as follows:
"... . If actual possession of information by the state attorney is to be the criterion for determining the defendant's entitlement to it, then much of such information, although fully known to the state attorney, could be retained by the sheriff or other investigating officers *377 and by the Bureau of Law Enforcement in Tallahassee and not actually transmitted to the state attorney until so close to the hour of trial that it would be of no useful benefit to the defendant even if disclosed to him at that time. Such a possibility does not square with any responsible concept of fairness in the trial of a criminal case. So long as the pertinent and relevant information requested by a defendant is readily available to the state attorney from other state governmental agencies for his use in the prosecution of the case even though not reduced to his actual possession, then it should likewise by made available to the defendant upon his timely demand."
Appellant did not depose the officers who overheard the statement. Appellant's counsel did confer with them and there is conflict between the officers and appellant's counsel as to whether or not the conference was broken off by appellant's counsel before they could get into the discussion far enough to reveal the statement.
Under our pronouncements in Coney, supra, the State Attorney should have made a greater effort to obtain the information sought by appellant on appellant's discovery request since the statement was in the state attorney's constructive possession at the time he replied "none known to the State." Also, the officers in the proper performance of their duty should have promptly advised the state attorney of the statements. If such practice is continued in the future, it may be that we will be compelled to rule such evidence inadmissible in order to enforce the discovery requirements, but we decline to follow such course at this time and trust that with this admonition, it will not later become necessary. Under the situation presented in this case, if appellant was surprised by the evidence to the extent that he needed additional time to prepare his defense, he should have moved for a continuance, which he did not do. We hold the evidence was not inadmissible on the asserted ground.
In addition, appellant contends that he was entitled to a hearing out of the jury's presence on the question of whether his alleged admission was willfully intercepted in violation of Chapter 934, Florida Statutes, F.S.A. Under the factual circumstances presented here, no useful purpose would be served by a hearing on such question. The only hearing that might have been relevant had there been a charge or allegation by appellant to support it would have been for the purpose of determining whether or not there was an "intercept" within the meaning of Chapter 934. If so, the evidence would have been prohibited by Section 934.06 which provides as follows:
"Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter."
Section 934.02 defines "intercept" as follows:
"`Intercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device."
There being nothing in the record to indicate that the overhearing of the alleged statement was accomplished through the use of an electronic, mechanical or other device, it does not fall within the proscriptions of Chapter 934, Florida Statutes, F.S.A.
Affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.