BOYER, Chief Judge.
The sole issue involved in this appeal is whether the State’s admitted failure to fulfill its discovery obligations was so prejudicial to appellants, defendants below, as to require reversal of their convictions.
Appellants were charged in a two-count information with grand larceny, and with breaking and entering with the intent to commit a felony, to-wit: grand larceny. Prior to trial, counsel for appellants filed a demand for discovery which included discovery of any written or recorded statements and the substance of any oral statements made by appellants and known to the prosecutor. See Rule 3.220(a), RCrP. In its response, the State answered that appellants told Officers Zimmerman and Ullrich (the arresting officers) that they (appellants) were “hired by some dude to move the stuff out.”
At trial, however, the State attempted to introduce into evidence other statements of appellants made at the scene of the crime to another witness, Mr. Martinez Baker. Mr. Baker, an employee of Florida Junior College at Jacksonville, stated that in the early evening of March 21, 1975, he and security officer John Stone met at Baker’s office on the fifteenth floor of the Universal Marion Building. They took an elevator to the sixteenth floor and saw two black men with warehouse floats loaded with equipment standing outside of a normally locked door which opened onto the college office area. Messrs. Baker and Stone immediately confronted the two black men. When the prosecutor a.sked Mr. Baker what the two individuals said at that time, appellant’s counsel objected on the ground that the prosecutor had not furnished that statement in response to the discovery demand. The State’s proffer of *870 Mr. Baker’s testimony revealed that appellants told him that they worked for the college, that their supervisor’s name was Mr. Johns, and that Mr. Johns was short with a sportshirt. In allowing that testimony, the learned trial judge found that appellants had been furnished with the name of Mr. Baker as a witness by the State and could have taken his deposition, and that the statement made by Mr. Baker was the same in substance as that made to the officers which was furnished to appellants in discovery. The trial judge called a recess to give appellants’ counsel an opportunity to interview the witness, after which Mr. Baker was allowed to testify. Mr. Baker revealed that the supervisor’s name was Bob Bell, not Mr. Johns, and that Mr. Bell was the individual described by appellants. When the State called security officer Stone as a witness, the trial judge ruled that any statements made by appellants to him would not be permitted. One of the arresting officers, Officer Zimmerman, was also called by the State. Before Officer Zimmerman testified, the State announced that the statement made to the arresting officers by appellants would not be introduced into evidence.
Testifying on their own behalf, appellants denied participating in a burglary on the evening in question. Appellant Leggett stated that, in fact, a white gentleman offered him $10 if he and another person would help him load a truck located at the Universal Marion Building. Appellant Leggett located appellant Bell, and the two proceeded to the sixteenth floor of the Universal Marion Building to earn their $10. During closing argument, the prosecutor claimed that appellants told Mr. Baker that their alleged supervisor was a short black male but that now, in court, appellants were claiming that the supervisor was a white male. The prosecutor further argued that appellants had changed their story, and that by their own admission, the first story was not true.
The State in its brief admits that it violated the discovery rule but urges that it did so only in a technical sense in that it failed to supply the name and address of each witness to the statements. The State also insists that there can be no finding of reversible error unless prejudice or harm to the defendant is shown, citing Richardson v. State, Sup.Ct.Fla.1971, 246 So.2d 771. We agree that the Richardson case is controlling. However, examination of the record leads to the inescapable conclusion that the actions of the State did, in fact, prejudice appellants, entitling them to a new trial.
The testimony of Mr. Baker concerning what appellants told him at the scene of the crime was crucial to the State’s case. Particularly damaging was Mr. Baker’s statement that the supervisor mentioned by appellants to him was Mr. Bell, not Mr. Johns, and that Mr. Bell was the individual described to him by appellants. The prosecutor in his closing argument emphasized alleged discrepancies between what appellants had told Mr. Baker and what they said in court. Clearly, Mr. Baker’s testimony prejudiced appellants’ case by casting grave doubts on their credibility.
The learned and capable trial judge attempted, as best she could, to lessen the prejudicial effect of appellants’ statements. She called a recess to give appellants’ counsel an opportunity to interview Mr. Baker. She further ruled that any statements made by appellants to security officer Stone would not be permitted. In view of those actions, it is likely that the trial judge would have excluded the objectionable testimony of Mr. Baker had she not found that the statements made to Mr. Baker by appellants were the same in substance as those made to the arresting officers which was furnished to appellants in discovery. Had the prosecutor utilized those statements in essentially the same manner, the trial court’s finding would have been accurate. According to the State’s response to discovery demand, the arresting officers were told by appellants that they were “hired by some dude to move the stuff out.” Mr. Baker likewise testified that appellants told him that someone had hired them to move the stuff *871 out, but Mr. Baker elaborated and described the “dude” in some detail. Had the State not exploited the difference in statements in an attempt to attack appellants’ credibility, we would have little difficulty in agreeing that the statements made by appellants to Mr. Baker and to the arresting officers were substantially the same. However, the State chose to emphasize rather than ignore the differences in the statements. In hindsight, we can perfectly understand the ruling of the trial court, which had no idea that the State would so use Mr. Baker’s testimony.
In prior opinions, we have expressed our disapproval of the State’s failure to comply with the rules relative to discovery in criminal proceedings. (Farrell v. State, Fla.App. 1st 1975, 317 So.2d 142; Hawkins v. State, Fla.App. 1st 1975, 312 So.2d 229 (Judge Boyer, specially concurring)) Because of the prejudicial effect of the failure to adequately respond to discovery, when coupled with the statements made by the prosecutor during closing arguments, we find it necessary to reverse and remand for a new trial.
Reversed and remanded.
RAWLS and McCORD, JJ., concur.