SHAW, Judge.
The appellant was charged with possession of marijuana recovered from the west bedroom of a female co-defendant’s house. The appellant denied living in the bedroom and testified that “Jimmy”, the co-defendant’s boy friend, kept some of his personal belongings in the room. Investigator Turk testified, over appellant’s objection, that appellant admitted in his presence that he lived in the bedroom in which the marijuana was found.
The defendant objected to the investigator’s testimony on the grounds that the State in its response to appellant’s demand for discovery indicated that there were no written, recorded or oral statements made by the appellant that were known to the prosecutor. The statement was not disclosed to the defense until the morning of the trial. The appellant’s objection to the investigator’s testimony was overruled and it was allowed to be presented to the jury under the following circumstances:
A After Investigator Hood advised him of his rights in the presence of all officers and read the search warrant to him—
Q Okay, go ahead.
A We asked him who lived there. At which time—
Q Rather than give us—
A Okay. We asked him if there was anyone else in the residence, we had already checked, he said no. After reading the search warrant to him he knew we were going to search the residence, we asked him what room, bedroom, did he live in.
MR. KOMAREK (Defense counsel): Your Honor, I’m going to object at this point. May I approach the bench, please.
THE COURT: Sure.
(BENCH CONFERENCE)
MR. KOMAREK: Just for the record, I make an objection pursuant to 3.220 Criminal Rule of Procedure.
THE COURT: 3.220. And the State responded by saying that they advised the defense counsel as soon as they learned of the statement made by the Defendant. And I ruled that if the State was candid in their discovery, disclosing to the Defendant, that State will be allowed to have it testified.
MR. PAULK (Assistant State Attorney): You overrule the objection.
THE COURT: I overruled the objection.
Q (Mr. Paulk continuing) If you will, you asked him which room he was staying in.
A Yes sir. He indicated the room to his right, which was on the west side.
In Richardson v. State, 246 So.2d 771 (Fla.1971), the supreme court pointed out that if during the course of the proceedings it is brought to the attention of. the trial court that the State has failed to comply with a rule of procedure, the court has discretion in determining whether the non *1001 compliance will result in harm or prejudice to the defendant. However, the court’s discretion can be exercised only after it has made an adequate inquiry into all of the surrounding circumstances. In addressing the extent of such inquiry, the court quoted, with approval, the following language from Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970):
Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
It does not affirmatively appear from the record that the court’s inquiry in this instance was the full inquiry required under Richardson.
The trial court erred in admitting into evidence the testimony concerning the alleged statement of the appellant without conducting an inquiry into the question of prejudice. The error is reversible as a matter of law. Cumbie v. State, 345 So.2d 1061 (Fla.1977).
The judgment of conviction is reversed and the cause is remanded for a new trial.
ERVIN and WENTWORTH, JJ., concur.