397 So.2d 1001 (1981)
Manuel Burt HUTCHINSON a/K/a Skipper Hutchinson, Appellant,
v.
STATE of Florida, Appellee.
No. VV-209.
District Court of Appeal of Florida, First District.
May 4, 1981.
J. Robert Hughes, of Barron, Redding, Boggs, Hughes & Fite, Panama City, for appellant.
*1002 Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
PER CURIAM.
Hutchinson appeals from convictions of aggravated battery with a firearm and possession of a firearm by a convicted felon, urging the trial court erred during the trial by making an inadequate Richardson[1] inquiry and by admitting impeachment testimony without a proper predicate. We agree and reverse for a new trial.
The charges against Hutchinson arose out of an argument between Hutchinson and the victim occurring at approximately 5 a.m. in a lounge parking lot. Although there were many witnesses to the resulting altercation, there was conflicting evidence as to whether Hutchinson shot a gun at the victim. On the second day of trial, the state introduced the testimony of an arresting officer who testified over objection to a statement that Hutchinson made which essentially showed that Hutchinson had indeed used a gun. The trial court undertook a Richardson inquiry, finding that Hutchinson's statement was discovered simultaneously by the prosecutor and defense counsel during an informal interview of the officer the day before. For this reason, he ruled the statement admissible.
Initially, we find that an inquiry was necessary to determine prejudice when it became apparent that a discovery violation existed. See Cooper v. State, 377 So.2d 1153 (Fla. 1979). As to the existence of a violation, it is clear that a defendant may be entitled to discovery of materials within the constructive possession of the state. See State v. Coney, 272 So.2d 550 (Fla. 1st DCA 1973), affirmed, 294 So.2d 82 (Fla. 1973). Therefore, in Taylor v. State, 292 So.2d 375 (Fla. 1st DCA 1974), we determined that a defendant's statement was in the state's constructive possession when officers knew of the statement but the state attorney was not personally aware of it at the time he responded to the defendant's discovery request. In Taylor, when the state attorney learned of the statement 30 minutes before trial, he promptly advised defense counsel that the officers would testify to the statement. Here, there was apparently no attempt made by the state to discover the information known to the arresting officer. These facts trigger the need for a full Richardson inquiry. There was no determined inquiry into the question of procedural prejudice to the defendant. See Wilcox v. State, 367 So.2d 1020, 1022-1023 (Fla. 1979) (also stating the minimal three-prong inquiry to be made). The clear failure of the trial court to make the inquiry concerning prejudice requires reversal. Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977) and cases cited therein. Finally, the case here is virtually indistinguishable from the circumstances in Easterling v. State, 397 So.2d 999 (Fla. 1st DCA 1981), wherein this Court also reversed and remanded for a new trial because of the trial court's failure to conduct a full inquiry.
The trial court also committed error by permitting a state's rebuttal witness to testify to a prior inconsistent statement of a defense witness over the objection that the defense witness had not been given an opportunity to admit or deny the prior statements. Section 90.614(2), Florida Statutes (1979) states in pertinent part:
Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible.
The state urges that on cross examination the defense witness was given such an opportunity when she was asked generally to whom had she first reported what she had seen regarding the altercation and she failed to mention the rebuttal witness. We *1003 think the plain terms of Section 90.614(2) certainly contemplate a more direct reference to the prior inconsistent statement; without this, there is no genuine opportunity to explain or deny the prior statement. Finally, although in other contexts we would be tempted to find the impeached testimony to have concerned matters only cumulative in nature, we find that in this particular case the error was harmful because of the number of witnesses on both sides, the attacks on credibility of all witnesses, and the materiality of the impeached testimony itself.
Accordingly, the cause is reversed and remanded for a new trial.
BOOTH and LARRY G. SMITH, JJ., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).