MILLS, Judge.
Griffis appeals from convictions and sentences for armed robbery, armed kidnapping, armed burglary of a dwelling, and grand theft. He contends the trial court erred in failing to inquire into the State’s violation of a discovery rule. He also contends there was scoring error in the calculation of his presumptive sentence under the sentencing guidelines. Because we reverse and remand for a new trial based on the first contention, we do not reach the second contention.
The State alleged that, on 8 December 1983, Griffis and his brother burglarized a house in Jacksonville, kidnapped and robbed the occupant, and stole her car. Griffis was charged with armed robbery, armed kidnapping, armed -burglary of a dwelling, and grand theft.
On 17 April 1984, defense counsel filed a demand for discovery, including a request for statements of the accused. Beginning on 19 April 1984 and continuing through 12 September 1984, the State filed nine responses to the demand. On 17 September 1984, the day before trial, the State filed a tenth response which included the following:
Joe Griffis stated to Detective Weeks I don’t know anything about this robbery and if anyone identified me they are mistaken because I was not in town when this robbery occurred.
On the second day of trial, the State called police detective Weeks as a rebuttal witness. Weeks testified on proffer that, on 5 April 1984, Griffis told him he was not in Jacksonville on 8 December 1983.
Defense counsel objected to Weeks’ testimony. He informed the trial court that this information had not been disclosed to the defense until the day before trial. He requested an inquiry pursuant to Richardson v. State, 246 So.2d 771 (1971).
The trial court did not inquire. It overruled the objection and allowed Weeks to testify before the jury.
Griffis contends on appeal that the tardy disclosure violated Florida Rule of Criminal *835 Procedure 3.220(a)(l)(iii), and, consequently, the trial court’s failure to make a Richardson inquiry was reversible error. The State counters with several arguments, none of which has merit.
Florida Rule of Criminal Procedure 3.220(a)(l)(iii) requires the State to disclose to defense counsel, within 15 days after written demand, statements made by the accused together with the name and address of each witness to the statements. Griffis’ statement to Weeks remained undisclosed until the eve of trial, five months after the initial demand for discovery. It remained undisclosed despite the fact that it was made to a police officer and hence at least in constructive possession of the prosecutor from the time it was made. Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981). This was a violation of the rule.
Rule 3.220 can be violated even if disclosure is ultimately made before trial. In Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1979), for example, the prosecutor failed to disclose until the night before trial information he had obtained six or seven days earlier. The court held this was a discovery violation and reversed because the trial court failed to conduct an adequate inquiry.
Reversed and remanded for a new trial.
SMITH and THOMPSON, JJ., concur.