W. SHARP, Judge.
McCray appeals his convictions for burglary,[1] criminal mischief,[2] and trespass to a structure[3] which emanated from his conduct during domestic disputes with his former girlfriend, Carol Kuklis. He claims reversible error occurred, inter alia, because the lower court failed to conduct a Richardson[4] hearing, and because it denied his motion to dismiss based on a double jeopardy violation. We reverse.
McCray and Kuklis were involved in an on-again-off-again romantic relationship, during which (at least part of the time) McCray resided with Kuklis in her apartment. In April 1992, McCray became angry at Kuklis, and in a rage, damaged property in her apartment. McCray was prosecuted for this offense and spent a short period of time in jail. Kuklis also sought and obtained a protective order which forbade McCray to be on the premises where Kuklis worked or resided.
Nevertheless, after McCray was released from jail, the two reconciled and continued their former relationship. But, in May of 1992, a similar incident occurred, and McCray was prosecuted for violating the protective order. He again spent a short time in jail. Upon being released, McCray continued to contact Kuklis and she let him into her apartment on several occasions. In July of 1992, a third incident occurred.
The offenses which are the subject of this appeal involve the May and July offenses, which were tried at the same time. During the trial, the judge permitted Kuklis to testify that after being released from jail in June for violation of the protective order, McCray telephoned her and said he was sorry for damaging her property. The state had not disclosed this statement to the defense, and defense counsel requested a Richardson hearing. The judge was bothered because neither side appeared to have known of this statement before trial. However, no one conceded that fact at trial. The court said: “It would seem apparent the state did not intend to use the evidence and they are just unaware.” Defense counsel responded: “The fact is it’s not apparent....”
The dissent assumes a fact not evidenced by the transcript: that the state did not have knowledge of this information. It also argues the defense did not dispute the state’s knowledge. The state never contended it did not know of this information beforehand. The judge merely assumed the state was unaware of the information on his own. While it is true that defense counsel never specifically argued the state had knowledge, it never conceded it either. Nor could it, as *1217 defense simply had no information in this regard. It heard the information for the first time at the trial which is why the Richardson issue was raised.
Q. Did he ever say anything to you with regard to the May 28th incident?
A. At that particular time, no.
Q. Did he ever after that say anything to you in regard to that incident?
A. Yes.
Q. What did he say?
A. That he was sorry he did it.
The dissent concedes that if the issue were whether the state had knowledge a reversal would be required. But in part, that is precisely the issue. It has long been the rule that there must be evidence in the record to support a fact finding or it will be reversed on appeal. Marsh v. Marsh, 419 So.2d 629 (Fla.1982). In this case the judge found, without any evidence at all, that the state had no knowledge. Further, the record is equally susceptible of a conclusion that the state did have knowledge, as evidenced by the exchange quoted above between Garrett, the prosecutrix, and Kuklis.
The state also argues on appeal that the judge believed a Richardson hearing was not necessary because the victim was testifying and not a police officer. The view that only incriminating statements given to police must be disclosed to the defense during discovery has previously been rejected. Clair v. State, 406 So.2d 109, 111 (Fla. 5th DCA 1981); McClellan v. State, 359 So.2d 869 (Fla. 1st DCA), cert. denied, 364 So.2d 892 (Fla.1978); Bell v. State, 327 So.2d 869 (Fla. 1st DCA 1976).
Richardson mandates that the court inquire whether a discovery violation was willful or substantial, and whether the violation prejudiced the defendant in his ability to prepare for trial. Failure to conduct a Richardson hearing is per se reversible error. See Smith v. State, 500 So.2d 125 (Fla.1986). The discovery violation and an objection require the judge to conduct the hearing.[5] Smith, 500 So.2d at 126. See Bush v. State, 461 So.2d 936 (Fla.1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986). Prosecutorial statements regarding lack of knowledge or intent to disclose are not relevant in determining whether a Richardson hearing is required. See Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA), rev. denied, 492 So.2d 1335 (Fla.1986) (discovery violations not limited to statements state intends to use at trial); Hutchinson v. State, 397 So.2d 1001, 1002 (Fla. 1st DCA 1981); Taylor v. State, 292 So.2d 375 (Fla. 1st DCA), cert. denied, 298 So.2d 415 (Fla.1974) (statements in constructive possession of prosecutor even if he is not personally aware of them).
We think an admission of guilt by an accused, undisclosed to the defense, is a substantial and prejudicial matter which triggers the need for an inquiry under Richardson. The failure to conduct such a hearing in this case requires reversal.
In addition, McCray claims that the trial court erred in denying his motion to dismiss charges stemming from the May 1992 incident. He claims that his double jeopardy rights were violated because he was prosecuted for the May 1992 offense twice: first, in the contempt proceeding;[6] and second, for the underlying offense for which he had been previously held in contempt. The United States Supreme Court has held that a later criminal prosecution for the same conduct which gave rise to a criminal contempt prosecution can violate a defendant’s double jeopardy rights. See United States v. Dixon, — U.S.-, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In reaching this conclusion, the Court held that contempt is a crime in the ordinary sense of the word.
*1218 Criminal contempt proceedings must now be considered as raising valid double jeopardy problems. However, the record in this case is insufficient for us to make a determination on this issue. We do not have before us the order below which found McCray guilty of criminal contempt, or findings as to which acts he committed violated the court’s earlier protection order. Thus it is impossible for us to make a proper Blockburger[7] comparison of the criminal contempt offense with the May 22 offenses. On remand the trial judge may revisit this issue.
We therefore reverse and remand both eases (92-9427 and 92-12693) for further proceedings and, if appropriate, a new trial. See Richardson.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., dissents with opinion.

. § 810.02(1), (3), Fla.Stat. (1991).

. § 806.13(1)(a) and (b)2, Fla.Stat. (1991).

. § 810.08, Fla.Stat. (1991).

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. In Smith v. State, 500 So.2d 125 (Fla.1986), in response to the certified question,
IS A NEW TRIAL REQUIRED WHEN THE TRIAL COURT'S FAILURE TO CONDUCT A RICHARDSON INQUIRY IS, IN THE OPINION OF THE REVIEWING COURT, HARMLESS ERROR?
the supreme court responded:
We have addressed this issue repeatedly and consistently, [citations omitted] Both legal and practical considerations dictate, once again, an affirmative answer to the question posed, (emphasis supplied).

. See case number 92-01178.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).